IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                            No. 05-3412-SAC
                                                02-40133-01-SAC

JOSE LOPEZ-GUZMAN,

          Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and the government's responsive motion to enforce the defendant's plea agreement. In this motion, defendant contends that the indictment failed to contain the essential elements of the crime to which he plead and that his counsel was constitutionally deficient in permitting defendant to plea to that defective indictment. Specifically, defendant asserts that the indictment "failed to contain the (b) section of 21 U.S.C. 841 which carries the penalty phase of 841(a)(1)," and that subsection (b) is an element of the offense. Dk. 82, p. 8.

Contrary to defendant's assertions, his indictment states that on the

date alleged in the District of Kansas the defendant

> ... did knowingly and intentionally possess, with intent to distribute, approximately 5.9 kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 841(b)(1)(A) and 812, and Title 18, United States Code, Section 2.

Dk. 3, p. 1. The penalties for persons who knowingly and intentionally possess, with intent to distribute, approximately 5.9 kilograms of cocaine are set forth in 21 U.S.C. § 841(b)(1)(A).

Defendant did not challenge the sufficiency of the indictment below and pleaded guilty to the charged offense on May 6, 2003. On April 23, 2004, this court sentenced defendant to serve a total of 120 months in custody. On May 4, 2004, the defendant appealed to the Tenth Circuit Court of Appeals, which subsequently affirmed this court. Defendant then filed this motion, after which his writ of certiorari from his direct appeal was denied.

The court first examines whether defendant has waived his right to file the current § 2255 motion. His plea agreement contains a clause, captioned "Waiver of Appeal and Collateral Attack," which provides in relevant part, as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a

defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the conviction and sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

Dk. 86, Att. A, p. 13, ¶ 9.[1] It is appropriate for the court to hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

In *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), the Tenth Circuit adopted the following analysis for appeals brought after a defendant has entered into an appeal waiver: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. This same approach is appropriately used in this court as well.

Basic contract principles apply in determining whether the appeal falls

---

[1] Despite the broad language above, a separate paragraph in the plea agreement expressly reserved defendant's right to appeal the judgment of the District Court denying his motion to suppress evidence. *Id.*, ¶ 4e.

within the scope of the waiver.  *Hahn*, 359 F.3d at 1324-25.

> In determining a waiver's scope, we will "strictly construe[ ] [appeal waivers] and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Andis*, 333 F.3d at 890; *see also Chavez-Salais*, 337 F.3d at 1173 ("Like most waivers, a defendant's waiver of his right to appeal ⋯ is to be construed narrowly.").

*Hahn*, 359 F.3d at 1325.  Defendant's § 2255 motion is a collateral attack which is expressly barred by clear language of the plea agreement's waiver provision quoted above.  This motion thus falls within the scope of the appellate waiver.

When determining whether a waiver of appellate rights is knowing and voluntary, the court examines the language of the plea agreement, *Elliott*, 264 F.3d at 1174 n. 1, and the Federal Rule of Criminal Procedure 11 colloquy.  *Andis*, 333 F.3d at 891; *Chavez-Salais*, 337 F.3d at 1173.  *See Hahn*, 359 F.3d at 1325. Defendant's plea agreement states that defendant "knowingly and voluntarily waives any right to any appeal or collateral attack on any matter in connection with this prosecution and sentence." Dk. 86, Att. A, p. 13,¶ 9.  Defendant also represented that he had read the plea agreement and understood it, in stating: "Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion." *Id.* at ¶ 14. He also expressly admitted that his plea was knowing and voluntary: "The defendant acknowledges that the defendant is entering into this agreement and

is pleading guilty because the defendant is guilty and is doing so freely and voluntarily." *Id.*

The transcript of the plea colloquy confirms that defendant's plea was knowing and voluntary. In response to this court's questions, the defendant stated he was not under treatment for any mental problem, was not under the influence of drugs or alcohol, had had an opportunity to fully discuss the case with his attorney, and was satisfied with the services of his attorney. Dk. 70, p. 4-5. The defendant entered a plea of guilty to the charge in open court, stated no one had made any threats or promises outside the plea agreement, and said that no one was forcing him to enter his plea. *Id.* at 8-9. The defendant stated he was entering the guilty plea because he was guilty of the charge. *Id*. at 9. He indicated that he understood that "if the Court accepts your plea of guilty there may be certain appellate issues that you may either waive or may not pursue by reason of your guilty plea." *Id*. at 12. He confirmed that he had had a full opportunity to discuss the rights he was waiving with his attorney. *Id.* The court was assured at the time of the plea, by virtue of the language of the plea agreement and the court's colloquy with defendant, that his waiver was freely, voluntarily and intelligently made. The court's conclusion is the same today.

The court therefore examines whether enforcement of the waiver

5

would result in a miscarriage of justice.   Enforcement of an appellate waiver results in a miscarriage of justice when: "(1) the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (citations omitted).  To satisfy this fourth factor, the alleged error must "seriously affect the fairness, integrity or public reputation of judicial proceedings .. . ." *Id.* (internal citation and quotation marks omitted). "The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Here, the court is not alleged to have relied, and did not rely, upon an impermissible factor, and defendant's sentence does not exceed the statutory maximum.  No claim is made that defendant's counsel was ineffective in the negotiation of the waiver itself, but a broader claim is made that defendant's counsel was ineffective in permitting defendant to plead guilty to a defective indictment which failed to include an essential element of the offense, namely, 21 U.S.C. § 841(b).

A plea agreement waiver of postconviction rights does not waive the

right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the Defendant ." FN1 *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Machibroda v. United States*, 368 U.S. 487, 493 (1962). Liberally construed, defendant's collateral attack can reasonably be characterized as an attack on the validity of the plea or the waiver, falling into the protected category that survives a waiver.

   To prevail on his ineffective assistance of counsel claim, defendant must prove that counsel's representation fell below an objective standard of reasonableness and that his deficient representation prejudiced his defense. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984).

   The record belies defendant's assertion that his counsel duped him into signing a plea to a charge contained in an unconstitutional indictment. *See United States v. Jefferson*, 2005 WL 3134075, *1 (10th Cir. 2005). Although drug quantities under § 841(b) are essential elements of the offense that must be alleged in the indictment and found by the jury, *see United States v. Jones*, 235 F.3d 1231,

1236-37 (10th Cir. 2000), defendant's indictment refers not only to a specific quantity of drugs, but also expressly refers to subsection (b) of 21 U.S.C. § 841.[2] Because defendant's indictment was not defective, defendant's claim that his counsel was ineffective in permitting defendant to plead guilty to a defective indictment is meritless. Enforcement of the appeal waiver will thus not result in a miscarriage of justice.

Because defendant's motion falls within the scope of the appellate waiver in his plea agreement, because that waiver of appellate rights was knowing and voluntary, and because defendant has failed to show that enforcement of the waiver would result in a miscarriage of justice, the court will hold defendant to that waiver. *See. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001) *cert. denied*, 534 U.S. 1085 (2002).

IT IS THEREFORE ORDERED that defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (Dk. 82) is denied and that the government's motion to enforce the plea agreement (Dk. 86) is granted.

---

[2]Thus even if defendant were able to proceed on the merits, his averments would fail because his indictment included all the essential elements of the charged offense. But even had it not done so, by entering a voluntary plea of guilty, defendant waived all non-jurisdictional defenses. *United States v. Flynn*, 309 F.3d 736, 739 (10th Cir. 002), and his challenge to the omission of the amount element in the indictment does not present a "jurisdictional" defect. *See United States v. Cotton*, 535 U.S. 625, 631 (2002).

8

Dated this 5th day of January, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge